United States District Court
Northern District of California

1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6
7    JULIAN ENGEL,                        Case No.  14-cv-03457-MEJ
              Plaintiff,
8                                         **ORDER RE: MOTION TO DISMISS**
         v.
9                                         Re: Dkt. No. 34
10   NOVEX BIOTECH LLC, et al.,
              Defendants.
11
12
13                        **I.  INTRODUCTION**
14        Plaintiff Julian Engel ("Plaintiff") filed this putative class action on behalf of himself and
15   others similarly situated, against Defendants Novex Biotech, LLC and GNC Corporation
16   ("Defendants").[1]  Pending before the Court is Defendants' Motion to Dismiss for failure to state a
17   claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. No. 34.  Plaintiff filed an
18   Opposition on October 27, 2014.  Dkt. No. 44.  The Court finds this motion suitable for
19   disposition without oral argument.  Civil L.R. 7-1(b).  Having considered the parties' positions,
20   relevant legal authority, and the record in this case, the Court **GRANTS** Defendants' Motion for
21   the reasons set forth below.
22                        **II.  BACKGROUND**
23        The following allegations are drawn from the Complaint.  Defendant Novex
24   Biotech, LLC distributes, markets, and sells Growth Factor-9, an over-the-counter amino acid
25   supplement marketed to boost human growth hormone ("HGH").  First Am. Compl. ¶¶ 1, 9, Dkt.
26   No. 15.  Defendant GNC promoted, marketed and sold Growth Factor-9 to consumers nationwide
27
28   _____
     [1] Plaintiff also named Defendant Sierra Research Group, but voluntarily dismissed it on October
     16, 2014.  *See* Dkt. No. 42.

1    in its retail locations.  *Id.* ¶ 11.  Plaintiff alleges that in their labeling and marketing campaigns,

2    Defendants have made the following marketing representations: (1) that Growth Factor-9 provides

3    a 682% mean increase in HGH levels; (2) that Growth Factor-9 is clinically tested; and (3) that "a

4    recent, randomized, cross-over, double-blind clinical trial" supports the growth hormone

5    representations.  *Id.* ¶¶ 8, 16.

6            Plaintiff alleges that he saw these advertisements for Growth Factor-9 in at least one

7    magazine and on websites such as GNC.com.  *Id.* ¶ 8.  After reading the advertisements, he went

8    to GNC to purchase Growth Factor-9 on October 13, 2013.  *Id.*  While there, he read the product

9    label and in-store advertisements, which reaffirmed the claims he saw in the magazine and online

10   advertisements.  *Id.*  Relying on these claims, Plaintiff purchased and used Growth Factor-9 as

11   directed, and he subsequently purchased two more boxes on November 13, 2013 and December

12   13, 2013.  *Id.*

13           On July 30, 2014, Plaintiff filed suit in this matter.  Dkt. No. 1.  On August 29, 2014,

14   Plaintiff filed an amended Complaint.  Dkt. No. 15.  In the operative Complaint, Plaintiff alleges

15   two causes of action: (1) violation of California's Unfair Competition Law, Business and

16   Professions Code section 17200 ("UCL"); and (2) violation of California's Consumer Legal

17   Remedies Act, Civil Code section 1750 ("CLRA").

18           Defendants now move to dismiss the Complaint, arguing: (1) Plaintiff brings only

19   substantiation claims, for which there exists no available private right of action; (2) even if

20   Plaintiff's claims are construed to be something other than substantiation claims, the Complaint

21   fails to demonstrate that Defendants' claims regarding Growth Factor-9 are false; and (3)

22   Plaintiff's Complaint fails to allege that Defendants did not rely on competent scientific evidence.[2]

23   Dkt. No. 34-1.

24

25   _____

26   [2] Both parties also ask the Court to take judicial notice of various documents in support of their
     positions.  Dkt. Nos. 36, 45.  Although in general the Court may not consider any materials
     beyond the pleadings when ruling on a Rule 12(b)(6) motion, *Lee v. City of L.A.*, 250 F.3d 668,
27   689 (9th Cir. 2001), the Court may, in some circumstances, consider evidence upon which the
     Complaint necessarily relies, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir.
     2010).  However, the Court does not rely on any of the materials for which judicial notice is
28   sought, and therefore all requests for judicial notice are DENIED AS MOOT.

United States District Court
Northern District of California

### III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted.  A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

Even under the liberal pleading standard of Rule 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555.) "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").  The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

United States District Court
Northern District of California

3

1    If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no

2    request to amend the pleading was made, unless it determines that the pleading could not possibly

3    be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en

4    banc) (internal quotation marks and citations omitted).

5                                  **IV.  DISCUSSION**

6    Defendants argue that the Complaint must be dismissed because it is based entirely upon

7    substantiation allegations for which there exists no private right of action.[3]

8    California's UCL prohibits any "any unlawful, unfair or fraudulent business act or practice

9    and unfair, deceptive, untrue or misleading advertising . . . ."  Cal. Bus. & Prof. Code § 17200.

10   The CLRA prohibits any "unfair methods of competition and unfair or deceptive acts or practices

11   undertaken by any person in a transaction intended to result or which results in the sale or lease of

12   goods or services to any consumer . . . ."  Cal. Civ. Code § 1770.  "In an action for false

13   advertising under the UCL and CLRA, the plaintiff 'bears the burden of proving the defendant's

14   advertising claim is false or misleading.'"  *Stanley v. Bayer Healthcare LLC*, 2012 WL 1132920,

15   at *3 (S.D. Cal. 2012) (quoting *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*,

16   107 Cal. App. 4th 1336, 1342 (2003)).  Individuals may not bring suit under the UCL or the

17   CLRA alleging only that advertising claims lack substantiation.  *Id.*  Instead, that right is reserved

18   to "the Director of Consumer Affairs, the Attorney General, any city attorney, or any district

19   attorney . . . ."  Cal. Bus. & Prof. Code § 17508.  Therefore, because no private right of action

20   exists for a substantiation claim, private litigants may only bring claims under these sections for

21   false or misleading advertising, and must provide adequate factual bases for such allegations.

22   *Fraker v. Bayer Corp.*, 2009 WL 5865678, at *8 (E.D. Cal. Oct. 6, 2009).

23   In the false advertising context, an advertising claim is false if it has "actually been

24   disproved," that is, if the plaintiff can point to evidence that directly conflicts with the claim.

25   *Eckler v. Wal-Mart Stores, Inc.*, 2012 WL 5382218, at *3 (S.D. Cal. Nov. 1, 2012).  By contrast,

26   an advertising claim that merely lacks evidentiary support is said to be unsubstantiated.  *Id.*

27

28   ---
     [3] Because the Court agrees with this argument, it does not reach Defendants' further argument
     regarding the reliability of the underlying study.

United States District Court
Northern District of California

1  ("There is a difference, intuitively, between a claim that has no evidentiary support one way or the

2  other and a claim that's actually been disproved.  In common usage, we might say that both are

3  'unsubstantiated,' but the caselaw (and common sense) imply that in the context of a false

4  advertising lawsuit an 'unsubstantiated' claim is only the former.").

5      Plaintiff's allegations regarding Defendants' purportedly false advertising are as follows.

6  The advertising for Growth Factor-9 is false and misleading because: (1) the sole study on which

7  Defendants rely "is riddled with so many flaws that it is completely unreliable," including that the

8  test subjects' baseline growth hormone levels were much lower than the placebo group at the

9  beginning and no adjustments were made to correct for this imbalance; (2) Defendants do not rely

10  on a study report of the type that would be accepted by any credible, peer-reviewed scientific

11  journal, but instead rely on a published study abstract which was not peer-reviewed; and (3)

12  Defendants omit that "there is absolutely no credible scientific evidence that the ingredients in

13  Growth Factor-9 . . . provide the represented 682% mean increase in serum growth hormone

14  levels."[4]  First Am. Compl. ¶¶ 18, 20, 22.

15      The Court finds Plaintiff's claims flawed.  Plaintiff argues that he "does not simply allege

16  that Defendants' HGH benefit representation is unsubstantiated; rather Plaintiff alleges that

17  Defendants misrepresent that their HGH benefit representation is supported by clinical testing

18  when it is not."  Opp'n at 13; *see also id.* at 3 ("Because the sole study upon which Defendants

19  base the clinically tested HGH benefit representation is not methodologically sound, and no other

20  study supports the HGH benefit representation, Defendants' HGH benefit representation is false

21  and likely to deceive consumers.").  Plaintiff's argument that Defendants claim support for their

22  representations, when there in fact is no such support, perfectly describes a substantiation claim.

23  *See Eckler*, 2012 WL 5382218, at *3.  The Court finds that the Complaint, as drafted, alleges a

24  substantiation claim, and not a claim for false or misleading advertising, and therefore cannot be

25  brought as a private action.

26  _____

27  [4] Plaintiff does not dispute that Growth Factor-9 was technically "clinically tested."  Plaintiff
   instead argues that the clinical test was so methodologically flawed that it cannot serve as

28  "competent and reliable" scientific evidence of Defendants' advertising representations.  Opp'n at
   7.

United States District Court
Northern District of California

Plaintiff argues that this case falls into a "recognized exception" to the rule against private substantiation actions. Opp'n at 13-14. Plaintiff misunderstands the law. The cases Plaintiff cites as evidence of this "exception," in fact found that the plaintiffs in those cases presented affirmative evidence that the defendants' advertising claims were false. *See, e.g.*, *McCrary v. Elations Co., LLC*, 2013 WL 6403073, at *1-2 (C.D. Cal. July 12, 2013) (finding sufficient plaintiff's claim that he did not receive the promised benefits, coupled with evidence of a scientific consensus that the ingredients in the challenged product were ineffective); *Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 456 (E.D.N.Y. 2013) (finding an affirmative misrepresentation claim where a study of the challenged product directly contradicted the defendant's advertising claims); *Rikos v. P&G*, 782 F. Supp. 2d 522, 527 (S.D. Ohio 2011) (same). The Court therefore rejects Plaintiff's contention that there exists any "recognized exception" to the rule against private enforcement of substantiation claims.

However, the Court must look at the Complaint as a whole to determine whether Plaintiff alleges only a substantiation claim. *See Bronson v. Johnson & Johnson, Inc.*, 2013 WL 1629191, at *8 (N.D. Cal. Apr. 16, 2013). "A claim can survive a lack of substantiation challenge by, for example, alleging studies showing that a defendant's statement is false." *Id.*

The Complaint does allude to the statements of certain authorities that may be relevant to Plaintiff's claims. Plaintiff alleges: (1) the FTC has stated that "no reliable evidence" supports that non-prescription products have the same effect as prescription HGH (First Am. Compl. ¶ 22); (2) the New England Journal of Medicine published an article touting HGH's benefits in the 1990s, and another in 2003 warning about the potential for misleading consumers (*id.* ¶¶ 23-24); and (3) the FDA has stated that "it is unaware of any reliable evidence to support anti-aging claims for over-the-counter pills and sprays that supposedly contain HGH," and the Agency has not approved any such products for anti-aging or any other purpose (*id.* ¶ 25). However, even viewing these allegations in the light most favorable to Plaintiff, the alleged statements do not demonstrate that Defendants' advertising claims are false. The first problem with these rather bare-bones allegations is that there is no allegation that the cited authorities actually refer to Growth Factor-9. The Court therefore cannot infer from these statements that Defendants' advertising claims are

United States District Court
Northern District of California

6

false.  The second problem is that, with the exception of the statements attributed to the New England Journal of Medicine—which range in age from eleven to possibly more than twenty years old—the Court has no way of knowing whether the alleged statements were made before Growth Factor-9 was in testing or on the market.  If these statements were made at a time before Growth Factor-9 was created, then these statements may well be irrelevant because they refer to a world in which this product did not exist.

The Court finds that the Complaint, as drafted, is insufficient, and therefore GRANTS Defendants' motion.  However, the Court cannot say at this time that it would be impossible for Plaintiff to amend his Complaint in a manner that would survive a Rule 12(b)(6) motion.  Should Plaintiff choose to amend her Complaint, he must allege facts from which the Court can conclude that Defendants' advertising representations were false.  As the Court has already stated, it is not enough for Plaintiff to attack the methodology of Defendants' study; instead, he must allege facts affirmatively disproving Defendants' claims.  For example, Plaintiff could allege that one or more of the authorities alluded to actually studied or tested the formula Growth Factor-9 contains and found that it does not produce a 682% mean increase in HGH levels, or that Plaintiff himself did not experience such an increase when using the product, or that a study exists somewhere demonstrating that a 682% increase is categorically impossible to achieve in an over-the-counter pill.  Of course, Plaintiff should only allege these facts if he can do so in good faith.

## V.  CONCLUSION

Based on the analysis above, Defendants' Motion to Dismiss is GRANTED WITH LEAVE TO AMEND.  Any amended Complaint must be filed no later than December 8, 2014.

**IT IS SO ORDERED.**

Dated: November 6, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

United States District Court
Northern District of California

7